IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BENJAMIN H., by his next friend, Georgann H.,
DAVID F., by his guardian, Carolyn B.,
LORI BETH S., by her next friend, Janie J.,
THOMAS V., by is next friend, Patricia V., and
JUSTIN E., by his next friend, Sherry E.,
individually and on behalf of all others
similarly situated,

                        Plaintiffs,

v.                                          CIVIL ACTION NO. 3:99-0338

MARTHA YEAGER WALKER, Secretary of the Department
of Health and Human Resources,

                        Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant, Martha Y. Walker, Secretary of the West Virginia Department of Health and Human Resources, filed Defendant's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Relief from Order (Doc. #190). In her Motion, Defendant seeks relief from two prior Orders entered in this action:

1. The October 8, 1999 Order (Doc. #45) granting class action certification; and,

2. The March 15, 2000 agreed Order (Doc. #77) which approved the settlement of the claims and set forth specific requirements agreed upon by the defendant for the operation of the Wavier Program.

Defendant asserts under FRCP 12(c) and 60(b)(6), she is entitled to relief from these two prior orders. After considering the memoranda of the parties and their arguments at the pretrial conference on March 2, 2009, the Court **DENIES** Defendant's Motion.

The agreed Order, the terms of which were voluntarily negotiated by Defendant's predecessor, required Defendant to determine eligibility for the waiver program and, if no slot was then available, place eligible individuals on a waiting list for no more than ninety days.  Defendant now seeks to avoid this duty by asserting that if no slot is available, the individual is not "eligible" and thus not entitled to any services until a slot is available.  In support of this theory, Defendant cites several district court opinions from outside the Fourth Circuit and two regulations applicable to Medical services.  Defendant concedes that this theory of "eligibility" contradicts the agreement of the parties embodied in the agreed Order.  Nonetheless, Defendant asks the Court to adopt this new position and find judgment in favor of Defendant under Rule 12(c).  Alternatively, citing FRCP 60(b)(6), Defendant seeks to modify the agreed Order by providing that Defendant owes no duty to individuals for whom no slot is available.

As the Court pointed out in the pretrial conference, Defendant chose not to litigate a resolution of Plaintiffs' claims, instead reaching an agreement to settle the dispute.  The cases she cites, the regulations she relies upon, and the definition of "eligible" she proposes are all matters she could have raised years ago but did not.  In the intervening years since the settlement, the parties have returned to this Court under its continuing jurisdiction, conferred by the agreed Order and the Court's subsequent order of August 22, 2002, to enforce its terms.  Thus, this matter is before the Court under the terms of the settlement, not Plaintiffs' original claims which were compromised and settled.  FRCP 12(c) must be applied in light of the matter actually now in dispute - Defendant's duty under the settlement.  In that regard, Plaintiffs' Motion to Enforce is obviously sufficient to state a claim and Defendant is not entitled to judgment on the pleadings.

Defendant next relies on Rule 60(b)(6) which, in addition to certain innumerated grounds, provides for relief from a final order "for any other reason that justifies relief." "The 'other reason that justifies relief' offered by a movant under Rule 60(b)(6) must amount to 'extraordinary circumstances' in order for the court to grant relief." 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.48 (3d ed.2008).  As Defendant admits, "extraordinary circumstances" must be demonstrated and Rule 60(b)(6) is not intended to circumvent the provisions of the innumerated grounds for relief found in (b)(1)-(5).  To qualify for relief under Rule 60(b)(6), the Defendant must show that she is completely free of fault for the extraordinary circumstances.  Failure to litigate an issue before choosing to settle the dispute does not create an extraordinary circumstance.  Here, Defendant simply wants raise a possible defense to Plaintiffs' original claims that she did not pursue before reaching a settlement under the terms of the agreed Order.  Rule 60(b)(6) is not applicable.

The Clerk is directed to forward a copy of this written Order to counsel of record.

ENTER:	March 6, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE